BEDFORD INTERNET OFFICE SPACE, LLC, Appellant

v.

TEXAS INSURANCE GROUP, INC., Appellee

NO. 02-17-00009-CV

Court of Appeals of Texas, Fort Worth.

DELIVERED: December 21, 2017

ATTORNEYS FOR APPELLANT: DAVID R. GIBSON, SUSANNE K. SULLIVAN & REAGAN R. HEROD, THE GIBSON LAW GROUP, PC, IRVING, TEXAS.

ATTORNEYS FOR APPELLEE: MICHAEL A. YANOF, TOM CULPEPPER & CASSIE J. DALLAS THOMPSON,

COE, COUSINS & IRONS, L.L.P., DALLAS, TEXAS.

PANEL: SUDDERTH, C.J.; KERR and PITTMAN, JJ.

## OPINION

### BONNIE SUDDERTH, CHIEF JUSTICE

This is an appeal from the trial court's order granting Appellee Texas Insurance Group, Inc.'s (TIG) rule 91a motion to dismiss Appellant Bedford Internet Office Space, LLC's (Bedford) claims. *See* Tex. R. Civ. P. 91a. Because we hold that the trial court erred by dismissing Bedford's claims on the basis of the statute of limitations, we reverse.

### Background

In June 2011, Bedford leased two commercial office buildings to a local business for use as a "data center, training center, administrative office, food bank storage, and staging area for holiday food and toy outreach." The terms of the lease required Bedford to purchase insurance, so Bedford approached TIG for assistance in doing so. Bedford informed TIG of the current and intended uses of the premises, and TIG secured a custom insurance policy from Travelers Casualty Insurance Company (Travelers) for the period of June 20, 2011, to June 20, 2012.

Sometime in August or September 2011, and again in October, the buildings were damaged during two burglaries. Bedford reported both incidents to Travelers, two claims were opened, and on January 3, 2012, Travelers informed Bedford that both claims were denied on the basis of a policy provision that excluded coverage if the building was vacant for more than 60 days.

On September 5, 2012, Bedford filed suit against Travelers in state court and asserted that their claims were wrongfully denied. Bedford's suit was subsequently removed to federal court, and Travelers moved for summary judgment on all of Bedford's claims on the basis that the policy excluded coverage because the buildings had been vacant at the time of the loss. The federal district court granted Travelers' motion and dismissed the case with prejudice. *Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, 41 F.Supp.3d 535, 539, 546–49 (N.D. Tex. 2014).

Bedford filed the instant suit against TIG on June 2, 2016, and pleaded claims for breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act and of the Insurance Code.

On August 25, 2016, TIG filed a motion to dismiss pursuant to rule 91a, arguing that Bedford's claims were barred by the applicable statutes of limitations as set forth in the Texas Supreme Court's decision in *Johnson & Higgins of Texas, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 514 (Tex. 1998) (op. on reh'g) (holding that, in a suit by an insured against its agent for negligent breach of the agent's duty to obtain insurance, limitations begins to run on the date of denial of coverage by the insurance company). The trial court agreed and granted TIG's motion, and dismissed the case on October 12, 2016.[1]

---

1. In a Rule 11 agreement filed with the trial court, the parties agreed to reschedule the initial October 6 hearing on the motion to October 12. As part of the same agreement, the parties agreed that there would be "no consequences to either party relating to the Court's failure to grant or deny the Rule 91a Motion to Dismiss within 45 days after the motion was filed." *See* Tex. R. Civ. P. 91a.3(c). Because neither party raises the issue of the trial court's failure to rule within

## Discussion

Bedford presents four issues on appeal, three of which argue that the trial court erred in granting TIG's motion to dismiss and the last of which argues that rule 91a violates the open courts provision of the Texas Constitution. Because we hold that the trial court erred in granting the motion to dismiss, we do not reach Bedford's challenge to rule 91a's constitutionality. *See* Tex. R. App. P. 47.1.

We review de novo a trial court's ruling on a rule 91a motion to dismiss. *Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 WL 6493411, *1–2 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.). And "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also Aguilar v. Morales*, No. 08-15-00098-CV, —— S.W.3d ——, ——, 2017 WL 192910, at *3 (Tex. App.—El Paso Jan. 18, 2017, pet. denied) (applying de novo review to trial court's determination of rule 91a motion to dismiss); *Stedman v. Paz*, 511 S.W.3d 635, 637 (Tex. App.—Corpus Christi 2015, no pet.) (same).

Rule 91a was enacted in 2013 in response to the legislature's directive that the supreme court adopt rules that "provide for the dismissal of causes of action that have no basis in law or fact." Tex. Gov't Code Ann. § 22.004(g) (West Supp. 2017). The dismissal mechanism was one of several rule changes intended to "allow[ ] for the efficient resolution of certain civil matters in Texas courts ... [and] make the civil justice system more accessible, more efficient, and less costly to all Texans while reducing the overall costs of the civil

justice system to all taxpayers." Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 274, 82d Leg., R.S. (2011); *see also* House Comm. on Judiciary & Civ. Juris., Bill Analysis, Tex. H.B. 274, 82d Leg., R.S. (2011) ("Interested parties contend that the civil justice system needs to be more efficient, less expensive, and more accessible.").

Using rule 91a, parties may, within the first 60 days after a pleading is served, move to dismiss the claims within the pleading on the grounds that the causes of action have no basis in law or fact. Tex. R. Civ. P. 91a. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* 91a.1. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*

To deter the filing of groundless lawsuits or improper motions to dismiss, the legislature required that the rule include a fee-shifting provision. Tex. Civ. Prac. & Rem. Code § 30.021 (West 2015); Tex. R. Civ. P. 91a.7; *see also* 28 Stephen G. Cochran, *Texas Practice Series: Consumer Rights and Remedies* § 17.3 (3d ed. 2016) (noting that the fee-shifting provision was "[t]he most controversial part of the new legislation"). With limited exceptions not applicable here, rule 91a requires the trial court to award the prevailing party all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action. Tex. R. Civ. P. 91a.7. The availability of this fee-shifting provision is a significant distinction between early resolution of a case through a rule 91a dismissal, as opposed to summary judgment. *See* Tex. R. Civ. P. 166a(h) (providing for an award of attorney's fees based upon the granting of summary judg-

45 days as required by rule 91a.3(c), we will not address this issue.

**720**

ment where a party has submitted an affidavit in bad faith or solely for the purpose of delay).

▮ Another significant distinction is that in the rule 91a context, the trial court is expressly prohibited from considering evidence. Instead, the trial court is restricted to "decid[ing] the motion based solely on *the pleading of the cause of action*." Tex. R. Civ. P. 91a.6 (emphasis added); *see also* Tex. Gov't Code Ann. § 22.004(g). It is this provision that, according to Bedford in its first and second issues, was violated by the trial court when the trial court dismissed Bedford's claims on the basis of statute of limitations because in order to do so, the trial court was required to look beyond Bedford's petition and consider TIG's pleadings.[2] We agree.

▮ A statute of limitations is an affirmative defense. Tex. R. Civ. P. 94; *see also Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) (op. on reh'g). As an affirmative defense, pleading the statute of limitations does more than deny the plaintiff's claims—it "seeks to establish 'an independent reason why the plaintiff should not recover.'" *Green*, 921 S.W.2d at 212. Thus, the party asserting an affirmative defense bears the burden of both pleading and proving the defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Without pleadings to support an affirmative defense, it is waived, and a plaintiff may recover on its claim notwithstanding the availability of the affirmative defense to defeat its claim. Tex. R. Civ. P. 94; *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132,

137 (Tex. 2014); *see also Turinsky v. Turinsky*, 359 S.W.2d 114, 115 (Tex. Civ. App.—Dallas 1962, no writ) (holding defendant waived applicable statute of limitations by not pleading it and affirming judgment in plaintiff's favor). Thus, to determine whether the statute of limitations is before the court for consideration, the trial court must, at a minimum, look beyond the plaintiff's pleadings and review the defendant's pleadings.

▮ Because dismissal by rule 91a is a harsh remedy with fee-shifting consequences, we must strictly construe the rule's requirements. *See Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied) (strictly construing rule 91a's notice provision); *cf. Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (noting that courts strictly construe requirements of summary judgment rule because it is a harsh remedy). The plain language of the rule requires the trial court to wear blinders to any pleadings except "the pleading of the cause of action." Tex. R. Civ. P. 91a.6 (noting that the court *may* hold a hearing but *may not* consider any evidence in ruling on the motion and "must decide the motion based solely on the pleading of the cause of action"). Because the trial court here was required to look beyond Bedford's pleadings and consider whether TIG raised the affirmative defense of statute of limitations in its pleadings in order to dismiss Bedford's claims on the basis that they were barred by limitations, the trial court erred in applying this rule. We

---

**2.** Bedford does not dispute the length of the statutes of limitations applicable to the claims it asserted in its petition—breach of contract (four years), Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015), *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); negligence and negligent misrepresentation (both two

years), Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2017), *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999); and DTPA and Insurance Code violations (two years), Tex. Bus. & Com. Code Ann. § 17.565 (West 2011).

therefore sustain Bedford's first and second issues and reverse the trial court's order dismissing Bedford's claims.

## Conclusion

Having sustained Bedford's first and second issues, we reverse the trial court's order dismissing Bedford's claims and remand the cause to the trial court for further proceedings. Tex. R. App. P. 43.2(d), 43.3.