

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00281-CV

_____

VICTOR ANTOLIK, APPELLANT

V.

DENNIS ANTOLIK, APPELLEE

On Appeal from the 261st District Court
Travis County, Texas
Trial Court No. D-1-GN-20-003056; Honorable Dustin M. Howell, Presiding

August 31, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Victor Antolik, appeals from the trial court's *Order Granting in Part and Denying in Part Defendant Dennis Antolik's Rule 91a Motion to Dismiss*.[1] By a single issue, he contends the trial court erred in partially granting the motion because his

---

[1] Appellee, Dennis Antolik, passed away on November 4, 2020, and Victor filed a *Suggestion of Death*. Rule 7.1(a)(1) of the Texas Rules of Appellate Procedure permits the deceased party's name to be used on all papers. TEX. R. APP. P. 7.1(a)(1).

pleading demonstrates there is a basis in law under the Rule 91a standard supporting his cause of action.[2] *See* TEX. R. CIV. P. 91a.  We affirm.

### BACKGROUND

Dennis and Victor are brothers.  Dennis owned and operated Cheval Manor, LLC, a polo facility.  In 2014, Cheval Manor filed for bankruptcy protection and sold its facility to Victory Cheval Holdings, LLC, a company owned forty-nine percent by Victor and fifty-one percent by Garrett Jennings.  Pursuant to the sale, Dennis was to receive a leaseback of the facility to operate equine activities.

After a dispute arose regarding the leaseback, Victory Cheval filed suit against Victor and Dennis.  The parties reached a settlement wherein Jennings agreed to purchase Victor's interest in Victory Cheval for $1.4 million.  The settlement was memorialized in a Mediation Agreement followed by an Escrow Agreement.  According to the Escrow Agreement, Jennings would pay $750,000 with certified funds and execute a promissory note for the remaining $650,000.  Dennis agreed to waive any claims against Jennings.  The Escrow Agreement was signed by both Dennis and Victor.

According to Dennis, he and Victor had an oral agreement to split the proceeds of the $1.4 million.  Dennis asserted he was to receive a total of $600,000 with an initial installment of $200,000 and $400,000 at a later date when Jennings paid the balance

---

[2] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

due.  It is undisputed that Victor paid Dennis $200,000.  However, the remaining $400,000 was not paid and Dennis filed suit against Victor for the balance.

Subsequent to the sale of Victory Cheval, Victor was convicted of tax fraud and went to prison.  As part of his presentencing disclosure, he represented in a disclosure of assets that he owed Dennis $250,000.  When Dennis filed suit, Victor was incarcerated and initially, he represented himself.  He filed a motion for continuance which the trial court denied for not being in writing nor supported by affidavit.  Victor eventually obtained counsel to represent him at trial.

The case proceeded to trial before the bench and Victor participated by phone.  At trial, Dennis introduced Plaintiff's Exhibit 34 without any objection from Victor's counsel.  The exhibit is a document entitled simply "Agreement."  Paragraph 3(a) provides in part, as follows:

> Jennings' payment to *Antoliks* of $1.4 million, payable $750,000 in cash within thirty (30) days of exercising such option and delivery of a promissory note in the principal amount of $650,000, with interest . . . with a balloon payment of all unpaid principal and interest on the first anniversary of the note, guaranteed by Garrett Jennings . . . .

(Emphasis added).  The Agreement is undated and is signed by Victor, Dennis, and Jennings.  Victor claims the Agreement is a forgery and challenges it partly because the signature page is on a sheet of notebook paper unlike the first two pages of the Agreement.[3]  Dennis claims the Agreement is in fact the Mediation Agreement that resulted from the parties reaching a settlement.  Following the presentation of evidence,

---

[3] Victor had a handwriting expert review the Agreement but the expert's report was not a part of the trial record.

judgment was rendered in favor of Dennis for $250,000 on July 2, 2018. After Victor's motion for new trial was denied, he appealed the judgment.

In affirming the trial court's judgment, the Texarkana Court of Appeals found there was sufficient evidence to show that Dennis and Victor had an enforceable oral agreement, which Victor breached, to split the proceeds of the sale of Victory Cheval with $600,000 payable to Dennis and $400,000 remaining unpaid. *See Antolik v. Antolik*, No. 06-18-00096-CV, 2019 Tex. App. LEXIS 3869, at *1 (Tex. App.—Texarkana May 15, 2019, pet. denied) (mem. op.).[4] After the decision from the Texarkana Court of Appeals became final, Victor filed his *Original Petition for Bill of Review and Request for Disclosure.* Two months later, on August 21, 2020, he filed his *First Amended Petition for Bill of Review* in the trial court seeking review of the July 2, 2018 judgment in favor of Dennis. By his amended pleading and exhibits thereto, he alleged that Dennis obtained a favorable judgment due to a fraudulent document (the Agreement) which, due to his incarceration, he was unable to see until he obtained a copy of the appellate record. In his amended petition for bill of review and in support of his argument that he and Dennis did not have an agreement to split the proceeds of the sale, Victor references paragraph 4.01 of the Escrow Agreement as an incorporation clause that specifically provided "there were no other agreements between the parties." Section 4.01 provides, in part, as follows:

> 1.04 **OWNERSHIP/USE**: Subject to the terms hereof, including without limitation, limitations on voluntary or involuntary use, hypothecation or transfer, the Escrow Deposit shall remain the exclusive property of the

---

[4] The decision from the Texarkana Court of Appeals was included as an exhibit to the Rule 91a motion to dismiss.

Seller until disbursed in accordance with this Escrow Agreement, save and except that Seller shall be deemed the owner and holder of the $650,000 Promissory Note in the event of default by Purchaser under either the $650,000 Note or the Deed of Trust Securing same and/or in the event Seller is obliged to file suit for any default by Purchaser. The Escrow Agent shall not have the power to use, transfer, or otherwise dispose of the Escrow Deposit except as provided in this Agreement. The Escrow Agent shall not give, provide, transfer, or otherwise make available the funds in the Escrow Deposit or any other documents in escrow to any party without the express written consent of both parties, unless otherwise directed by a court of competent jurisdiction.

A. The parties agree that the funds and property in the Escrow Deposit shall not be used as collateral or security for any purpose. No party may assign, in whole or in part, or delegate any of their respective rights, title, and interest in and to the funds and property in the Escrow Deposit or any other document in escrow, without the written consent of all parties.

Dennis moved to dismiss the amended petition for bill of review under Rule 91a. He asserted the fraudulent document referred to by Victor was in fact the Mediation Agreement between the two brothers and Jennings that resulted from the settlement between the parties. He also claimed that Victor was seeking to re-litigate whether they had an oral agreement to split the proceeds from the sale to Jennings—an issue already decided by the Texarkana Court of Appeals. The trial court granted Dennis's motion, in part, by dismissing Victor's claims but denied Dennis's request for costs and attorney's fees. Victor now appeals the dismissal.

STANDARD OF REVIEW

A court of appeals reviews the merits of a Rule 91a motion "*de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). Rule 91a provides a procedure for dismissal of a case that has no basis in law or no basis in fact. TEX. R. CIV. P. 91a.

5

"A cause of action has no basis in law if the allegations, taken as true, together with reasonable inferences drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* Except as required by 91a.7 (award of costs and attorney fees), the court "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action . . . ." TEX. R. CIV. P. 91a.6.

Also, the trial court construes the pleadings liberally in favor of the plaintiff, looks to the plaintiff's intent, and accepts the plaintiff's factual allegations as true; and, if needed, draws reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *In re Farmers Tex. Cty. Mut. Ins. Co.*, 604 S.W.3d 421, 425-26 (Tex. App.—San Antonio 2019, orig. proceeding). Dismissal of a cause of action under Rule 91a is a harsh remedy with fee-shifting consequences; thus, an appellate court strictly construes the rule's requirements. *Bedford Internet Office Space*, *LLC v. Tex. Ins. Grp.*, *Inc.*, 537 S.W.3d 717, 720-21 (Tex. App.—Fort Worth 2017, pet. dism'd).

Generally, the trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a.6.[5] *See also AC Interests*, *L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018); *Sanchez*, 494 S.W.3d at 724. In deciding whether the trial court properly granted a motion to dismiss under Rule 91a, a reviewing court applies the fair-notice pleading

---

[5] Rule 59 permits notes, accounts, bonds, mortgages, records, and all other written instruments that may be part of the claim sued on to be part of the pleadings. TEX. R. CIV. P. 59.

standard in determining whether the allegations in the petition were sufficient to allege a cause of action. *Thomas v. 462 Thomas Family Props.*, *LP*, 559 S.W.3d 634, 639-40 (Tex. App.—Dallas 2018, pet. denied). Under that standard, a court considers whether the opposing party "can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Stated differently, the fair-notice standard measures whether the pleading has provided the opposing party sufficient information to enable that party to prepare a defense or a response. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017) (citing *Kopplow Dev.*, *Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013); *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

### BILL OF REVIEW

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). To obtain an equitable bill of review, a petitioner must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751-52 (Tex. 2003)).

Fraud in relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will support a bill of review. *King Ranch, Inc.* 118 S.W.3d at 752 (citation omitted). Extrinsic fraud denies a party the opportunity to fully litigate at trial all rights or

defenses that could have been presented. *Id.* Intrinsic fraud relates to the merits of the issues that were presented and presumably were or should have been settled in the former action. *Id.* Examples of intrinsic fraud include fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment being challenged. *Id.*

### ANALYSIS

Victor contends the trial court erred in granting Dennis's motion to dismiss his amended petition for bill of review. He claims his pleading presents a basis in law under Rule 91a. We disagree.

By his amended petition for bill of review, Victor sought to set aside the trial court's July 2, 2018 judgment based on a document that was admitted into evidence at trial without objection—Plaintiff's Exhibit 34. He was not directly attacking a judgment that was no longer appealable or subject to a motion for new trial. In fact, his motion for new trial had been denied and his appeal of the judgment was unsuccessful. A bill of review may not be used as an additional remedy after the denial of a motion for new trial or after an unsuccessful appeal. *McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex. App.—Dallas 2001, pet. denied).

At trial, Victor was represented by counsel, and he participated by phone. He was not prevented from presenting his claim at trial by official mistake or by any fraud, accident, or wrongful act by Dennis. The allegedly fraudulent document was presented to the trial court and his counsel did not object to the document. Moreover, viewing Victor's amended pleading and accepting his allegations as true, he has not shown

8

entitlement to relief via a bill of review. His claim that the Agreement is a forgery is intrinsic fraud and will not support a bill of review. *King Ranch, Inc.* 118 S.W.3d at 752 (citation omitted). We conclude the allegations in Victor's *First Amended Petition for Bill of Review* have no basis in law and do not entitle him to the relief he seeks. The issues he presents in the amended petition for bill of review have already been unsuccessfully litigated and he is merely attempting further review of the same claim. Applying a *de novo* review, we find the trial court did not err in granting, in part, Dennis's motion to dismiss under Rule 91a. Victor's sole issue is overruled.

CONCLUSION

The trial court's *Order Granting in Part and Denying in Part Defendant Dennis Antolik's Rule 91a Motion to Dismiss* is affirmed.


Patrick A. Pirtle
Justice

9