

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00306-CV

LISA MARIE GARDNER,

                                                                    Appellant

 v.

LESLIE MAJORS, LJJM, INC.
D/B/A LEGACY REALTY GROUP
AND MARY DAVIDSON,

                                                                    Appellees


**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 107058**


## MEMORANDUM  OPINION


This appeal centers on the trial court's granting of a Rule 91a motion to dismiss in

a dispute involving the alleged fraudulent sale of property co-owned by appellant, Lisa

Marie Gardner, and Demetria Gordon.  In four issues, Gardner complains that the trial

court erred by granting appellees' Rule 91a motion to dismiss because (1) appellees

cannot rely on a defensive theory—section 751.209 of the Texas Estates Code—asserted

for the first time in a Rule 91a motion to dismiss, (2) she alleged enough facts in her petition to overcome any presumption justifying appellees' good-faith reliance on a Durable Power of Attorney, (3) she pleaded sufficient facts to satisfy the Texas's fair-notice pleading requirement, as well as the Federal Rule of Civil Procedure 12(b)(6) standard, and because (4) rebuttable presumptions inappropriately heighten the pleading requirement for plaintiffs and cannot be used as defensive avoidance theories asserted in a Rule 91a motion to dismiss without an opportunity to develop facts in discovery. Because we agree that appellees' defensive theory under section 751.209 of the Texas Estates Code is not appropriate for a Rule 91a motion to dismiss, and because we conclude that Gardner pleaded sufficient facts to support her claims against appellees under the fair-notice standard, we reverse and remand.

## Background

In her live pleading, Gardner alleged that or about June 14, 2017, she jointly purchased the property in question with Gordon. Gardner purportedly funded the purchase price, paid taxes on the property, and paid all principal and interest payments, whereas Gordon did not pay anything. About two years later, Gordon decided to sell the property.

To list the property, Mary Davidson, a real estate salesperson for real estate broker Leslie Majors, needed to get the consent of both Gardner and Gordon. On September 23, 2019, Gordon electronically signed a Residential Real Estate Listing Agreement Exclusive

Right to Sell on behalf of herself and Gardner and sent the document to Davidson. This document was necessary to begin the listing process for the property. In their Rule 91a motion to dismiss, appellees, Leslie Majors, LJJM, Inc. d/b/a Legacy Realty Group and Mary Davidson, acknowledged that at the time they obtained the Listing Agreement, they inquired as to whether Gardner consented to the sale. Directing appellees to the electronic signature on the Listing Agreement, Gordon assured appellees that Gardner had consented to the sale.

After the Listing Agreement was signed, Gordon provided appellees with a Durable Power of Attorney, which was signed three days after the listing agreement on September 26, 2019, and which provided that Gordon is Gardner's attorney-in-fact. In her live pleading, Gardner not only complains that Gordon did not yet have authority to sign for Gardner on the September 23, 2019 Listing Agreement, but also that Gordon forged the Durable Power of Attorney. Gardner further alleged that appellees had a duty to verify whether she had indeed signed the Durable Power of Attorney and that, as the co-owner of the property, she consented to the sale. Relying on the Durable Power of Attorney, appellees subsequently sold the property to Ian and Laurie Deffebach, who also were sued, but are not parties to this appeal.

After the sale of the property, Gardner filed suit alleging claims of participatory liability (civil conspiracy), breach of fiduciary duty, negligence and gross negligence, conspiracy to commit forgery, fraud by deed, and theft of property against appellees and

others.[1]  Gardner's claims were based on allegations that appellees used the forged Durable Power of Attorney to sell the property without her consent, which resulted in a fraudulent general warranty deed conveying the property to the Deffebachs.

In response to Gardner's suit, appellees generally denied Gardner's allegations, asserted numerous affirmative defenses, and filed a motion to dismiss under Texas Rule of Civil Procedure 91a raising a defense under section 751.209 of the Texas Estates Code. *See* TEX. R. CIV. P. 91a; *see also* TEX. ESTATES CODE ANN. § 751.209.  After a hearing, the trial court granted appellees' Rule 91a motion to dismiss, awarded $7,687.50 in reasonable and necessary attorney's fees, and severed Gardner's claims against appellees from her claims against the remaining defendants.  This appeal followed.

### Standard of Review

Texas Rule of Civil Procedure 91a allows a party, with exceptions not applicable here, to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1.  "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.*  "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*  We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts as alleged is a question of law. *City*

---

[1] Gardner only alleged civil-conspiracy, negligence/gross-negligence, and theft-of-property under the Texas Theft Liability Act claims against appellees.  Gardner's other claims pertain to parties that are not a part of this appeal.

*of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

### Defensive Theories Involving Rebuttable Presumptions First Pleaded in a Rule 91a Motion to Dismiss

In her first issue, Gardner contends that the trial court erred by granting appellees' Rule 91a motion to dismiss because appellees are prohibited from relying on defensive theories first plead in the Rule 91a motion to dismiss. Moreover, in her fourth issue, Gardner asserts that rebuttable presumptions inappropriately heighten the pleading requirement and cannot be used as defensive avoidance theories asserted in a Rule 91a motion to dismiss without an opportunity to develop facts in discovery.

PLEADING REQUIREMENTS FOR A RULE 91A MOTION TO DISMISS

In their brief, appellees contend that the pleading standard for Rule 91a motions to dismiss is like a Rule 12(b)(6) motion to dismiss in the federal system. We disagree.

In *City of Madisonville v. Hernandez*, this Court recently stated the following about the pleading requirements for a Rule 91a motion to dismiss:

> Texas is a fair-notice pleading jurisdiction, and therefore, the standard of fair notice is applied to Rule 91a motions to dismiss. *See In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi 2018, orig. proceeding) (citing *Aguilar v. Morales*, 545 S.W.3d 670, 677 (Tex. App.—El Paso 2017, pet. denied); *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *In re Butt*, 495 S.W.3d 455, 462 (Tex. App.—Corpus Christi 2016, orig. proceeding); *Wooley*, 447 S.W.3d at 76); *see also Serna v. Banks*, No. 13-20-00505-CV, 2022 Tex. App. LEXIS 6498, at *6 (Tex. App.—Corpus Christi Aug. 30, 2022, no pet.) (mem. op.). The fair notice standard is a "relatively liberal standard." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 45 ("All pleadings shall be construed so as

to do substantial justice."); TEX. R. CIV. P. 47 (requiring pleadings to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved").  Under the fair-notice standard, a pleading is sufficient if it provides the opposing party with fair and adequate notice of the facts upon which the pleader bases their claims to enable the opposing party to prepare a defense or response.  *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224-25 (Tex. 2017).

Under this standard, we look to the pleader's intent and uphold the pleading "'even if some element of a cause of action has not been specifically alleged'" because "'[e]very fact will be supplied that can be reasonably inferred from what is specifically stated.'"  *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (quoting *Gulf Colorado & Santa Fe Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963)); *see In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding); *see also Aldous v. Bruss*, 405 S.W.3d 847, 857 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("It is not a valid objection to generally complain that the pleading does not set out enough factual details if fair notice of the claim is given."). Furthermore, a plaintiff is not required to "'set out in his pleadings the evidence upon which he relies to establish his asserted cause of action.'"  *In re Lipsky*, 460 S.W.3d at 590 (quoting *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988)). However, we cannot "use a liberal construction of the petition as a license to read into the petition a claim that it does not contain."  *In re Estate of Sheshtawy*, 478 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding).  When applying the fair-notice standard to our review of the pleadings on a Rule 91a motion to dismiss, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact.  *Aguilar*, 545 S.W.3d at 675-76; *Stallworth*, 510 S.W.3d at 190; *Koenig*, 497 S.W.3d at 599; *In re Butt*, 495 S.W.3d at 462.

No. 10-22-00151-CV, 2022 Tex. App. LEXIS 8931, at **12-14 (Tex. App.—Waco Dec. 7, 2022, pet. filed) (mem. op.).  Based on our precedent, we reject appellees' suggestion that the Rule 12(b)(6) pleading requirement applies in this case; thus, we apply the fair-notice standard to Gardner's pleadings.

DEFENSES FIRST PLEADED IN A RULE 91A MOTION TO DISMISS

Texas Rule of Civil Procedure 91a requires that a trial court "must decide the [Rule 91] motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by [Texas Rule of Civil Procedure 59]." *AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality*, 543 S.W.3d 703, 706 (Tex. 2018) (citing TEX. R. CIV. P. 91a); *see ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018) (stating that "a motion to dismiss is decided on the plaintiff's pleadings" (emphasis in original)); *Sanchez*, 494 S.W.3d at 724 (stating whether Rule 91a's dismissal standard is met depends exclusively on the pleading of the cause of action); *see also Bedford Internet Office Space, LLC v. Tex. Ins. Grp., Inc.*, 537 S.W.3d 717, 720 (Tex. App.—Fort Worth 2017, pet. dism'd) (noting that the plain language of Rule 91a requires the trial court to "wear blinders" to any pleadings except the pleading of the cause of action and finding that the trial court erred by dismissing the suit based on a Rule 91a motion asserting the affirmative defense of limitations).

In *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, issued after the Fort Worth court's opinion in *Bedford Internet Office Space, LLC*, the Texas Supreme Court concluded that Rule 91a "limits the scope of the court's factual inquiry—the court must take the 'allegations' as true—but does not limit the scope of the court's legal inquiry in the same way." 595 S.W.3d 651, 655 (Tex. 2020). The Court further concluded that when "deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so

is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Id.* Therefore, "Rule 91a permits motions to dismiss based on affirmative defenses 'if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* at 656 (citing TEX. R. CIV. P. 91a.1). Affirmative defenses that are not conclusively established by the facts in a plaintiff's petition but require consideration of evidence are not a proper basis for a motion to dismiss "[b]ecause Rule 91a does not allow consideration of evidence." *Id.* (holding that dismissal was proper under Rule 91a because allegations in Bethel's petition showed that it was not entitled to relief).

DISCUSSION

Here, appellees asserted a defense under section 751.209 of the Texas Estates Code for the first time in their Rule 91a motion to dismiss. Section 751.209(a) of the Texas Estates Code provides that:

> A person who in good faith accepts a durable power of attorney without actual knowledge that the signature of the principal or of another adult directed by the principal to sign the principal's name as authorized by Section 751.0021 is not genuine may rely on the presumption under Section 751.0022 that the signature is genuine and that the power of attorney was properly executed.

TEX. ESTATES CODE ANN. § 751.209(a). Section 751.0022 states that "[a] signature on a durable power of attorney that purports to be the signature of the principal or another adult directed by the principal . . . is presumed to be genuine." *See id.* § 751.0022.

As stated in the plain language of sections 751.209(a) and 751.0022, a party may rely on the presumption that a signature is genuine and that a power of attorney was properly executed. A presumption is a rule of law requiring the factfinder to reach a particular conclusion in the absence of evidence to the contrary. *Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995); *see Amaye v. Oravetz*, 57 S.W.3d 581, 584 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The effect of a presumption is to force the party against whom it operates to produce evidence to negate the presumption. *Gen. Motors Corp v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993); *see Amaye*, 57 S.W.3d at 584.

The application of the presumptions of sections 751.209(a) and 751.0022 of the Texas Estates Code serve to increase the burden on Gardner by requiring her to present controverting evidence to rebut the presumptions above and beyond merely pleading a cause of action that complies with the fair-notice standard. This is done in the summary-judgment context or at a trial on the merits after each side has had an opportunity to develop their cases through the discovery process. *See, e.g., Minor v. Red Hook Crab Shack, LLC*, No. 04-21-00377-CV, 2022 Tex. App. LEXIS 5717, at *4 (Tex. App.—San Antonio Aug. 10, 2022, no pet.) (mem. op.) ("The fact that Rule 166a allows the examination of evidence, whereas Rule 91a prohibits the court from looking outside the pleadings to determine if there is 'no basis in law' for the plaintiff's claims, 'highlights a key distinction between a motion for summary judgment and a motion to dismiss.'" (quoting *In re Shire PLC*, 633 S.W.3d 1, 21 n.15 (Tex. App.—Texarkana 2021, orig. proceeding))). A Rule 91a motion

hearing is not an evaluation of the evidence, but rather an evaluation of whether Gardner's pleadings, after applying the appropriate standards, assert a cause of action that has a basis in law or fact. *See id.* ("Accordingly, if the trial court cannot determine whether recovery is foreclosed without looking outside the pleadings, then summary judgment may be available, but dismissal is not." (quoting *In re Shire PLC*, 633 S.W.3d at 21 n.15)); *see also* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 656 ("Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss.").

Therefore, based on the foregoing, we conclude that appellees' defense under sections 751.209(a) and 751.0022 of the Texas Estates Code are not a proper basis for a Rule 91a motion to dismiss because the defense is not conclusively established by the facts alleged in Gardner's petition, and because the defense requires consideration of evidence, which is not proper in the context of Rule 91a.[2] Accordingly, we sustain Gardner's first and fourth issues.

---

[2] We also note that motions are not functionally equivalent to pleadings because they lack sufficient similarities to afford them the same legal significance. *See Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex. App.—Dallas 2004, no pet.). The *Rupert* Court noted that pleadings determine the issues upon which parties go to trial, that their purpose is to put the opposing party on notice of the character of evidence that she will be called upon to meet and place parameters on the forthcoming contest, and can be submitted and freely amended by the parties without court approval, whereas motions are applications for an order that may be accepted or rejected by the court. *See id.* (internal citations omitted). These distinctions highlight the inappropriateness of asserting a defensive theory for the first time in a Rule 91a motion to dismiss, rather than a pleading.

**Did Gardner Plead Sufficient Facts to Defeat Appellees' Rule 91a Motion to Dismiss?**

In her third issue, Gardner contends that she pleaded sufficient facts to satisfy the Texas's fair-notice pleading requirement and to survive dismissal under Rule 91a. In her live petition, Gardner asserted claims for participatory liability (civil conspiracy), negligence/gross negligence, and theft of property under the Texas Theft Liability Act against appellees. In their Rule 91a motion to dismiss, appellees challenged each cause of action asserted by Gardner. We now address the pleading sufficiency of each claim asserted by Gardner against appellees.

PARTICIPATORY LIABILITY (CIVIL CONSPIRACY)

> An actionable civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The essential elements of a civil conspiracy claim are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result.

*In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App.—Fort Worth 2013, orig. proceeding) (internal citations & quotations omitted). A defendant's liability for conspiracy depends on participating in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Id.* (internal citations omitted).

In their Rule 91a motion to dismiss, appellees contended that Gardner failed to allege that appellees had actual knowledge of the forged Durable Power of Attorney. Relying on section 751.209(a) of the Texas Estates Code, appellees further alleged that they had no duty to dispute the validity of the Durable Power of Attorney.

Notwithstanding our earlier conclusion that the presumption in section 751.209(a) of the Texas Estates Code is not appropriate for a Rule 91a motion to dismiss, we conclude that Gardner has pleaded sufficient facts to establish that her claim of civil conspiracy has a basis in law or fact. Specifically, Gardner alleged the following:

15. On or about September 23, 2019, Defendant Davidson, while acting under the sponsorship of Defendant Majors and Defendant Legacy, obtained a Residential Real Estate Listing Agreement Exclusive Right to Sell ("listing agreement") from only Defendant Gordon in order to list the Property for sale. Davidson was required to obtain consent of Gardner because Gardner was a co-owner of the Property as shown in the deed and tax records of Ellis County, and because of Defendant Davidson's prior actual knowledge. To the contrary[,] Defendant Davidson did not obtain Gardner's consent to list the Property although she had actual knowledge that Gardner was a title holder of the Property. Instead, Defendant Davidson sent or emailed the listing agreement to Defendant Gordon directly and allowed Defendant Gordon to unilaterally sign the listing agreement electronically for Gardner. Defendant Davidson did not attempt to contact Gardner by telephone, email, or otherwise to obtain consent to list the Property for sale.

16. Three (3) days after Defendant Davidson illegally listed the Property for sale without Gardners' [sic] consent, Defendant Davidson came into possession of a forged power of attorney dated September 26, 2019. Defendant Davidson contends she acted in reliance on the power of attorney without ever contacting Gardner to confirm Gardner signed it and/or had not revoked it and/or had not died. At all material times hereto, Defendant Davidson purportedly relied completely on her communications with Defendant Gordon and the forged power of attorney. Gardner contends that Defendant Davidson had actual knowledge that she did not want to sell the Property, because they had spoken before this transaction occurred.

The aforementioned statements allege that appellees, in conjunction with Gordon, conspired to defraud Gardner out of her ownership interest in the property by obtaining

an exclusive listing agreement without Gardner's consent and using an allegedly forged power of attorney. These statements, combined with reasonable inferences therefrom, sufficiently allege a cause of action for participatory liability (civil conspiracy). Therefore, applying the appropriate standards, we conclude that it was error to dismiss Gardner's claim for civil conspiracy under Rule 91a.

NEGLIGENCE AND GROSS NEGLIGENCE

To maintain an action for negligence, a plaintiff must show: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached that duty; and (3) that the alleged breach proximately caused harm to the plaintiff. *See W. Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001).

Gross negligence presumes a negligent act or omission, *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex. 1994) (op. on reh'g), and includes two additional components: (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved but nevertheless proceeds in conscious indifference to others' rights, safety, or welfare. *La-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999). "[W]hat separates ordinary negligence from gross negligence is the defendant's state of mind; in other words, the plaintiff must show that the defendant knew about the peril,

but his acts or omissions demonstrate that he did not care." *Id.* at 246-47; *see Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 326 (Tex. 1993) (observing that gross negligence differs from ordinary negligence based on the defendant's mental attitude, such that gross negligence can never be the result of momentary thoughtlessness, inadvertence, or error of judgment).

In their Rule 91a motion to dismiss, appellees contended that, under section 751.209 of the Texas Estates Code, they had a duty to accept the allegedly forged Durable Power of Attorney and that they had no actual knowledge of any forgery. However, in her live petition, Gardner alleged that, based on the facts mentioned above, appellees,

> had a duty to act like a reasonably prudent licensed real estate sales agent and broker in the transaction that occurred that resulted in the fraudulent sale of her Property. The Defendants breached the duty to act with the requisite care when they failed to obtain Gardner[']s consent to list and sale [sic] the Property. The breach was the proximate cause of the harm suffered by Gardner in losing title to the Property. Gardner has been damaged as she lost her investment in the Property of capital contributions, i.e., down payment, closing costs, principal, interest, taxes and maintenance payments or loss of equity, whichever is greater.

> 82. Further, the injury complained of resulted from Defendants['] gross negligence, because the Defendants conduct was reckless or acted with malice entitling Gardner to exemplary damages under the Texas Civil Practices and Remedies Code section 41.003(a).

Applying the appropriate standards and considering the facts alleged regarding the procurement of the exclusive listing agreement, we conclude that Gardner has pleaded sufficient facts under the fair-notice standard to defeat appellees' Rule 91a motion to dismiss as to her negligence and gross-negligence claims.

TEXAS THEFT LIABILITY ACT

According to the Texas Theft Liability Act, a person who commits theft is liable for the damages resulting from the theft. TEX. CIV. PRAC. & REM. CODE ANN. § 134.003. A person commits theft if the person unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. *Id.* § 31.03(b)(1). "Intent to deprive" is the person's intent at the time of the taking and can be inferred from the words and acts of the person. *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 906, 907 (Tex. App.—Dallas 2014, pet. denied).

Regarding her claim against appellees under the Texas Theft Liability Act, Gardner alleged the following:

> 40. Gardner beings this action under the Texas Theft Liability Act for an unlawful appropriation of property under Texas Penal Code section 31.03. Gardner contends that all Defendants, individually and/or collectively, participated in a scheme that cause[d] her Property to be transferred through a forged power of attorney to commit a fraud by deed. The Defendants appropriated real property by bringing about a transfer or purported transfer of title to, or other nonpossessory interest in, real property. . . .
>
> 41. Gardner was entitled to possession of the Property.
>
> 42. Defendants through the conspiracy or directly, unlawfully appropriated Gardner[']s Property in violation of Texas Penal Code.
>
> 43. Defendants['] unlawful appropriation was made with the intent to deprive Gardner of the Property.

44. Defendants['] wrongful conduct caused injury to Gardner, which resulted in the following damages: loss of all her capital investment in the property, including down payment, closing cost, principal, interest, taxes and maintenance payments, and/or loss of equity, whichever is greater, and loss of title.

45. Upon proof of actual damages, Gardner is entitled to additional statutory damages of up to $1,000 from each Defendant under Texas Civil Practice and Remedies Code section 134.005(a)(1).

The aforementioned statements, coupled with the circumstances surrounding the procurement of the exclusive listing agreement by use of the allegedly forged Durable Power of Attorney, set forth sufficient facts to allege a claim under the Texas Theft Liability Act. Therefore, applying the appropriate standards, we conclude that it was error to dismiss Gardner's claim under the Texas Theft Liability Act under Rule 91a.

SUMMARY

Based on the foregoing, we have concluded that Gardner pleaded sufficient facts to properly allege her claims for participatory liability (civil conspiracy), negligence and gross negligence, and theft of property under the Texas Theft Liability Act against appellees. Accordingly, we conclude that the trial court erred by granting appellees' Rule 91a motion to dismiss. *See Sanchez*, 494 S.W.3d at 724-25; *see also Wooley*, 447 S.W.3d at 75-76. We sustain Gardner's third issue.

**Conclusion**

Having sustained Gardner's first, third, and fourth issues, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.[3]

STEVE SMITH
Justice

Before Chief Justice Gray,
　　　Justice Johnson,
　　　and Justice Smith
(Chief Justice Gray dissents.  A separate opinion will not issue.)
Reversed and remanded
Opinion delivered and filed April 26, 2023
[CV06]



---

[3] In light of our disposition, we need not address Gardner's remaining issue.  *See* TEX. R. APP. P. 47.1, 47.4.