

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00254-CV

_____

MERYL DESHA GUNN, Appellant

V.

SANDALWOOD MANAGEMENT INC., C/O COUNTRY PARK APTS, Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 23-4644-431

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. BACKGROUND

Appellant Meryl Gunn, proceeding pro se, formerly lived at the Country Park Apartments (Country Park) in Denton, Texas. Appellee Sandalwood Management, Inc. (Sandalwood) manages Country Park. Gunn was evicted from Country Park for nonpayment of rent in April 2023 via an eviction suit filed in the justice court. Gunn appealed the eviction suit to the county court, and that appeal was dismissed for want of jurisdiction on May 1, 2023.

Gunn then filed her original petition in the instant case on May 31, 2023. She sued Sandalwood for violating both her 14th Amendment rights and Section 241 of Title 18 of the United States Code (Section 241),[1] alleging that she had been discriminated against based on her familial status of being low income. She also claimed that Sandalwood had engaged in retaliation, negligence, harassment, defamation of character, bribery, housing fraud, and falsification of documents—all related to her tenancy at Country Park. Gunn alleged that Sandalwood's actions had rendered her and her family homeless and ineligible to receive housing benefits; she sought monetary relief in excess of $1 million.

---

[1]Section 241—titled "Conspiracy against rights"—provides that a federal crime is committed "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States. . . ." 18 U.S.C.A. § 241 (West).

Sandalwood answered and filed a Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a.1. It argued that res judicata barred all of Gunn's claims because she had already raised them within the eviction suit.[2] It also argued that Gunn had failed to plead facts sufficient to support her claims for bribery, housing fraud, falsification of documents, defamation, harassment, retaliation, and negligence. Sandalwood requested its attorney's fees pursuant to Rule 91a.7. *See* Tex. R. Civ. P. 91a.7.

After a hearing, the trial court granted Sandalwood's motion to dismiss and awarded it $2,400 in attorney's fees.[3] Gunn appeals from this order. We will affirm.

## II. DISCUSSION

In her notice of appeal, Gunn indicated that she desired to appeal the trial court's order granting Sandalwood's Rule 91a motion to dismiss. However, her appellant's brief in many ways reads more like an original petition than a challenge to the trial court's order. It contains a lengthy fact section outlining the many alleged wrongs committed by Sandalwood and other related parties but with no citations to the record or the pleadings specifically. Gunn does not provide us with the relevant standard of review, the law governing Rule 91a motions to dismiss, or the law

---

[2]In its answer, Sandalwood pleaded the affirmative defense of res judicata.

[3]Though the trial court indicated orally at the hearing on Sandalwood's motion to dismiss that it was granting the motion on grounds of collateral estoppel, res judicata, failure to state a valid cause of action, and the state action doctrine, its written order granting the motion did not indicate the grounds upon which it relied.

governing res judicata. And she does not request any relief as it relates to reversing or undoing the trial court's order.

Instead, she requests that we award her "the demands of at least six million dollars or better . . . for punitive damages due to negligence, housing discrimination, housing fraud[,] and other illegal practices that also includes violating my family's right to due process of law." She concludes by asserting that this court "has the necessary jurisdiction needed to also file criminal charges [against Sandalwood], Denton Housing Authority, Denton County Justice of the Peace #1[,] and [Sandalwood's attorney]."

As such, the appellate issues raised by Gunn are not entirely clear, but—endeavoring to liberally construe her brief, *see* Tex. R. App. P. 38.9—we understand them to be that the trial court erred in granting Sandalwood's Rule 91a motion to dismiss because:

1. res judicata did not bar her claims;

2. her 14th Amendment claim had sufficient legal and factual bases;

3. her Section 241 claim had sufficient legal and factual bases;

4. her bribery claim (pursuant to Texas Penal Code Section 36.02(a)(2)(3)) had sufficient legal and factual bases;

5. her False Claims Act claim had sufficient legal and factual bases; and

6. her Equal Credit Opportunity Act claim had sufficient legal and factual bases.

4

## A. STANDARD OF REVIEW AND RELEVANT LAW

We review de novo a trial court's ruling on a Rule 91a motion to dismiss. *Bedford Internet Office Space, LLC v. Tex. Ins. Grp., Inc.*, 537 S.W.3d 717, 719 (Tex. App.—Fort Worth 2017, pet. dism'd). Rule 91a allows a party to move to dismiss a claim brought against it if the claim has "no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

A Rule 91a motion may be granted on an affirmative defense—including res judicata—so long as the defense is "conclusively established by the facts in the plaintiff's petition." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020); *see Smale v. Williams*, 590 S.W.3d 633, 637–38 (Tex. App.—Texarkana 2019, no pet.) (holding that trial court properly granted Rule 91a motion based on res judicata defense).

When, as here, an order granting a Rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of the order must negate the validity of each ground on which the trial court could have granted the motion; otherwise the order must be affirmed on appeal. *Palma v. Gen. Land Off. of Tex.*, No. 14-22-00350-CV, 2023 WL 5217768, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2023, pet. denied) (mem. op.). "A written order that does not specify

5

grounds controls over any oral pronouncement made by the court during the hearing." *Estate of Savana*, 529 S.W.3d 587, 592–93 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Shumway v. Whispering Hills of Comal Cty. Tex. Prop. Owners Ass'n, Inc.*, No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.) (holding that even though trial court orally pronounced it was granting Rule 91a motion based on limitations, judge's written order, which did not specify court's reasons for granting motion, controlled for purposes of appellate review).

## B. RES JUDICATA GROUNDS

Sandalwood argued in its Rule 91a motion that all of the pleaded claims in Gunn's petition were barred by res judicata because they were or should have been raised in the previous eviction suit. The trial court's written order granted Sandalwood's motion without specifying the grounds on which it relied. Thus, the trial court impliedly granted the motion on all grounds asserted by Sandalwood— including res judicata—and Gunn must have sufficiently challenged that ground on appeal, or we must affirm the trial court's order. *See Palma,* 2023 WL 5217768, at *2. Gunn failed to do so.

The following paragraph constitutes the entirety of Gunn's discussion in her appellant's brief regarding whether Sandalwood's res judicata defense barred her claims:

6

Appellee was granted res judicata and collateral [sic] regarding which case? Appellant shows no final judgement for any cases other than 431st District Court and at the request of the Appellee. [Gunn] has never taken Sandalwood Management, Inc[.] or Country Park Apartments to court involving any previous suits.

An appellant's brief must contain "a clear and concise argument" that includes appropriate citations to legal authority and the appellate record. Tex. R. App. P. 38.1(i). "[A]ppellate courts have no duty—or even the right—to perform an independent review of the record and the applicable law to determine whether there was error; we cannot make the party's arguments for [her], and then adjudicate the case based on the arguments we have made on [her] behalf." *Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) (internal quotations omitted). "Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (noting also that pro se litigants "are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure").

These briefing requirements are "not satisfied by merely uttering brief, conclusory statements unsupported by legal citations." *Matter of Marriage of Hudson*, No. 06-18-00011-CV, 2018 WL 4656288, at *4 (Tex. App.—Texarkana Sept. 28, 2018, no pet.) (mem. op.) (internal quotations omitted). Failure to adequately brief an

issue results in waiver of the complaint and provides nothing for the appellate court to review. *Craaybeek*, 2021 WL 1803652, at *3; *Valadez*, 238 S.W.3d at 845.

In her challenge to Sandalwood's res judicata ground, Gunn did not provide a standard of review, citations to the record, citations to legal authority, or any legal analysis on the issue. Accordingly, she has waived the issue for our review and we must affirm the trial court's order on res judicata grounds. We overrule Gunn's first issue. We also overrule Gunn's second, third, and fourth issues because her 14th Amendment, Section 241, and bribery claims—which were each raised in her original petition—are thus barred by res judicata.

### C. FALSE CLAIMS ACT AND EQUAL CREDIT OPPORTUNITY ACT

With her fifth and sixth issues, it appears that Gunn argues that she is entitled to recovery under the "False Claims Act" and the "Equal Credit Opportunity Act." However, she did not plead these claims in her original petition. Gunn cannot raise new issues or claims for the first time on appeal. *See* Tex. R. App. P. 33.1(a)(1) (requiring that issue must have been raised to trial court "by a timely request, objection, or motion"); *Hatch v. Univ. of Tex. at Austin*, No. 03-22-00489-CV, 2023 WL 5597358, at *2 (Tex. App.—Austin Aug. 30, 2023, no pet.) (mem. op.). We overrule her fifth and sixth issues.

### III. CONCLUSION

For all of the foregoing reasons, we affirm the trial court's judgment.

8

/s/ Brian Walker

Brian Walker
Justice

Delivered:  May 16, 2024