

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00156-CV

---

RAIDER RANCH, LP AND RAIDER RANCH, GP, LLC, APPELLANTS

V.

LUGANO, LTD., A&L SHARIF FAMILY, LP, AND MAMOUSH, LTD., APPELLEES

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2015-517, 630, Honorable Paul Davis, Presiding

---

April 30, 2019

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellees Lugano, Ltd., A & L Sharif Family, LP, and Mamoush, Ltd., (collectively, the "limited partners") are limited partner investors in appellant Raider Ranch, LP. Raider Ranch operates a long-term care and transitional living facility in Lubbock. The limited partners sued Raider Ranch and its general partner, Raider Ranch GP, LLC ("RRGP") for declaratory relief. The trial court denied the Rule 91a[1] motion to dismiss filed by Raider

---

[1] TEX. R. CIV. P. 91a.

Ranch and RRGP and rendered judgment on the merits for the limited partners. Through two issues Raider Ranch and RRGP appeal. We will overrule their issues and affirm the judgment of the trial court.

Background

The limited partners demanded inspection of the books and records of Raider Ranch. The request was denied. Thereafter, the limited partners sued Raider Ranch and RRGP seeking a declaration that the limited partnership agreement and Texas statutes provided them the right to inspect the firm's books and records. Raider Ranch and RRGP filed a motion to dismiss under Rule 91a.

Raider Ranch and RRGP's theory supporting dismissal under Rule 91a arose from the attachment of the Raider Ranch limited partnership agreement to the limited partners' petition. The copy attached did not include the second amendment to the agreement. That amendment contained a mutual release signed by the limited partners that, Raider Ranch and RRGP argued, foreclosed the declaratory relief the plaintiffs sought. Raider Ranch and RRGP attached the second amendment to their amended answer and amended motion to dismiss. For purposes of dismissal under Rule 91a, they argued "optional completeness" required consideration of the second amendment as part of the limited partnership agreement attached to the limited partners' petition, even though the second amendment was not attached to the petition. By giving consideration to the second amendment's release language, the petition on its face showed an absolute bar to relief, the argument continued, because the limited partners thereby relinquished any right to inspect the partnership's books and records. Lacking a legal or factual basis,

2

Raider Ranch and RRGP argued, the petition was frivolous on its face and subject to dismissal under Rule 91a.

A visiting judge denied the motion to dismiss and then adjudicated the merits of the limited partners' claim for declaratory relief. Judgment was for the limited partners. Raider Ranch and RRGP's motion for new trial was denied by written order. This appeal followed.

Analysis

By their first issue, Raider Ranch and RRGP argue the trial court erred in denying their Rule 91a motion to dismiss because the release should have been considered along with the limited partners' live petition and when so considered the pleading is shown frivolous on its face, lacking a basis in law or fact.

We believe Raider Ranch and RRGP's complaint of the trial court's denial of their motion to dismiss was rendered moot when the court tried the merits of the limited partners' case and rendered judgment in their favor. *See Bennett v. Pippin,* 74 F.3d 578, 585 (5th Cir. 1996) (concluding "[w]hen a plaintiff has prevailed after a full trial on the merits, a district court's denial of a [motion to dismiss] becomes moot" because "[a]fter a trial on the merits, the sufficiency of the allegations in the complaint is irrelevant"; the plaintiff "has proved, not merely alleged, facts sufficient to support relief"); *ClearOne Communs., Inc. v. Biamp Sys.,* 653 F.3d 1163, 1172 (10th Cir. 2011) (stating, "as a general rule, a defendant may not, after a plaintiff has prevailed at trial, appeal from the

pretrial denial of a Rule 12(b)(6) motion to dismiss, but must instead challenge the legal sufficiency of the plaintiff's claim through a motion for judgment as a matter of law").[2]

Moreover, if the issue is not moot, we find no merit to Raider Ranch and RRGP's "optional completeness" argument, which called on the trial court to base its determination on Raider Ranch and RRGP's affirmative defense of release, contained in their pleadings.

"Release is an affirmative defense, TEX. R. CIV. P. 94, where the defendant bears the burden to plead and prove the existence of an effective and valid release." *Barras v. Barras,* 396 S.W.3d 154, 170 n.5 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990)).

A court of appeals reviews a ruling under Rule 91a "de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez,* 494 S.W.3d 722, 724 (Tex. 2016).

Rule 91a provides a procedure for dismissal of a case that has no basis in law or fact. TEX. R. CIV. P. 91a. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant

---

[2] "Though Rule 91a is not identical to Federal Rule of Civil Procedure 12(b)(6), several Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on case law interpreting Rule 12(b)(6) in applying Rule 91a." *In re Butt,* 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi 2016, orig. proceeding); *GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754-55 (Tex. App.—Beaumont 2014, pet. denied) (finding case law interpreting rule 12(b)(6) instructive for courts considering Rule 91a motion); *Wooley v. Schaffer,* 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same).

to the relief sought. TEX. R. CIV. P. 91a.1. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. TEX. R. CIV. P. 91a.1.

Because dismissal of a cause of action under Rule 91a is a harsh remedy with fee-shifting consequences, an appellate court strictly construes the rule's requirements. *Bedford Internet Office Space, LLC v. Tex. Ins. Grp., Inc.,* 537 S.W.3d 717, 720-21 (Tex. App.—Fort Worth 2017, pet. dism'd). A trial court does not base its ruling on a Rule 91a motion on evidence but "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by [Rule of Civil Procedure 59]." *AC Interests, LP v. Tex. Comm'n on Envt'l Quality,* 543 S.W.3d 703, 706 (Tex. 2018) (citing TEX. R. CIV. P. 91a) *see ConocoPhillips Co. v. Koopmann,* 547 S.W.3d 858, 880 (Tex. 2018) (stating, "a motion to dismiss is decided on the *plaintiff's* pleadings" (emphasis in original)); *Sanchez,* 494 S.W.3d at 724 (stating whether Rule 91a's dismissal standard is met depends exclusively on the pleading of the cause of action). *See also Bedford Internet Office Space,* 537 S.W.3d at 720 (rule's plain language requires trial court to "wear blinders" to any pleadings except the pleading of the cause of action; finding trial court erred by dismissing suit under Rule 91a motion asserting affirmative defense of limitations).

Raider Ranch and RRGP's optional completeness argument, seeking to inject its defensive theory into the Rule 91a procedure by means of an exhibit to its answer and motion, finds no support in the text of the rule itself or in the cases. Because the trial court was required to consider only the limited partners' pleadings in ruling on the Rule 91a motion, we conclude the trial court did not err by overruling it. Raider Ranch and RRGP's first issue is overruled.

5

In their second issue, Raider Ranch and RRGP argue the release barred the relief sought by the limited partners and required rendition of judgment for Raider Ranch and RRGP.

As noted, release is an affirmative defense for which Raider Ranch and RRGP bore the burden of proof at trial. In general, a release surrenders legal rights or obligations between the parties to an agreement. *Dresser Indus. v. Page Petroleum,* 853 S.W.2d 505, 508 (Tex. 1993).

Following denial of the Rule 91a motion, the trial court and the parties proceeded to the merits of the case but without submitting evidence. Specific to this issue, the record does not indicate evidence of a release was admitted. And findings of fact and conclusions of law were not filed. A party asserting an affirmative defense in a trial before the court must request findings in support of the defense to avoid waiver. *Cooper v. Cochran,* 288 S.W.3d 522, 531 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g).

Moreover, the limited partners alleged a right to inspect the books and records of Raider Ranch, LP under Business Organizations Code sections 3.151, 3.153, 153.551, and 153.552. TEX. BUS. ORGS. CODE ANN. §§ 3.151, 3.153, 153.551, and 153.552 (West 2012). Raider Ranch and RRGP, in their arguments in this court, do not attempt to reconcile the release language in the amended partnership agreement with statutory language addressing partners' right of access to books and records. *See* TEX. BUS. ORGS. CODE ANN. § 153.004(a)(3) (West 2012).

Raider Ranch and RRGP's second issue is overruled.

## Conclusion

Having overruled the issues Raider Ranch and RRGP present, we affirm the judgment of the trial court.

James T. Campbell
Justice