**Reversed and Remanded and Opinion Filed May 31, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00092-CV

### SIDNEY AND SHATIKA DAVIS, Appellants
### V.
### HOMEOWNERS OF AMERICA INSURANCE COMPANY, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-10727**

## OPINION

Before Justices Molberg, Pedersen, III, and Kennedy
Opinion by Justice Molberg

This appeal involves the granting of appellee Homeowners of America Insurance Company's (HOAIC) rule 91a motion to dismiss appellants Sidney and Shatika Davis's claims against HOAIC. Those claims arise out of coverage and claims-handling disputes resulting from HOIAC's partial denial of the Davises' property damage claims under their homeowners insurance policy with HOAIC.

The Davises argue the trial court erred in (1) granting the rule 91a motion and (2) denying their motion for new trial. We reverse and remand.

# I. Background

The Davises filed suit against HOAIC on August 5, 2020. They alleged causes of action for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act, fraud, and conspiracy. The allegations contained in their petition were general and contained little factual granularity as to the substance of their causes of action, the date of HOAIC's denial of their claims, or the date or dates upon which their various causes of action accrued.

In response, HOAIC answered the petition and moved to dismiss all of the Davises' causes of action under Texas Rule of Civil Procedure 91a. HOAIC's answer contained only a general denial without affirmative defenses, including no affirmative defense based on limitations. Its motion, in contrast, contained a single argument that all claims brought by the Davises were barred by contractual or statutory limitations. In an effort to establish when the Davises' causes of action accrued, HOAIC attached a variety of documents as evidence in support of its motion to dismiss. These included the applicable policy of homeowners insurance, unauthenticated mail and e-mail communications, estimates, damage appraisals, handwritten notes, and multiple pleadings in cases not involving the parties to this appeal. Based on these documents, HOAIC argued the breach of policy claims asserted by the Davises accrued at a point that was more than two years and a day beyond the limitations date set forth in the insurance contract, and all other claims

expired because they were outside statutory two-year limitations periods. Relying on these documents, HOAIC urged dismissal on the grounds the Davises' claims had no basis in law or fact.

The trial court granted the motion as to all causes of action on October 21, 2020, and later denied the Davises' motion for a new trial. This appeal followed.

## II. Discussion

### A. Rule 91a and Applicable Standards

Texas Rule of Civil Procedure 91a provides in part as follows:

> **91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

> **91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

> . . . .

> **91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

TEX. R. CIV. P. 91a.1, .2, .6.

We review the merits of a rule 91a ruling de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

Rule 91a provides a harsh remedy and should be strictly construed. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). The rule is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come with protective features against precipitate summary dispositions on the merits. *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

When an order granting a rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

(i) "No Basis in Fact"

A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. The "no basis in fact" prong of rule 91a.1

relates to the *believability* of the facts alleged by a plaintiff in pleading a cause of action and, thus, seldom rises to a point of contention in the case law. Our own supreme court has acknowledged that the "no basis in fact" prong is a "factual plausibility standard." *Sanchez*, 494 S.W.3d at 724. In determining whether a claim lacks a basis in fact,

> we do not consider whether such allegations are likely, or even if the conduct alleged is outlandish, but only if a reasonable person could believe the alleged conduct. Reasonable people can believe conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Cf. Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (adopting the tort of intentional infliction of emotional distress as set out in section 46(1) of the Restatement (Second) of Torts). And, we note that cases in the context of criminal law are replete with cases in which trial courts and juries have believed conduct much more extreme and "outlandish" than the conduct alleged in this case. After reviewing the pleadings in this case, we conclude it is possible a reasonable person could believe the facts as pleaded. Thus, we conclude the trial court erred by granting appellees' 91a motion to dismiss Drake's negligence claims as having no basis in fact.

*Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.); *see also Royale*, 2019 WL 4126600, at *7.[1]

Others have proposed to further define the prong in the following manner: "A cause

---

[1] *Royale* states:

> In reviewing the allegations in Royale's petition, we cannot say that "no reasonable person could believe the facts pleaded" by Royale. *See* TEX. R. CIV. P. 91a.1. Thus, his IIED claim has a basis in fact under the rule. Under Rule 91a, this ends the inquiry, as we are not at liberty to assess the ultimate evidentiary vitality of Royale's claim. That is the role of summary judgment proceedings or trial.

2019 WL 4126600, at *7; *see also Renate Nixdorf GmbH & Co. KG*, 2019 WL 92038, at *11 (reasonable person standard).

of action has no basis in fact if it is based on irrational or wholly incredible factual allegations." George Hayek, Comment, *TRCP 91a: Resolving the Confusion*, 54 HOUS. L. REV. 775, 799 (2017). While "irrational or wholly incredible factual allegations" may demonstrate that "no reasonable person could believe the facts pleaded," we are confident that the definition set forth in the rule is a sufficient definition in itself, and that our decisions in *Drake* and *Royale* wholly comport with the rule.[2]

Given the foregoing, it is unsurprising the "no basis in law" prong of rule 91a has garnered almost exclusive attention by the courts.

### (ii) "No Basis in Law"

A cause of action alleged by a claimant has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. At the outset, in assessing whether the non-movant's pleading has no basis in law, we apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). In *Thomas*, we stated:

> Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. A petition is sufficient if it gives fair and

---

[2] There is no question courts have occasionally defined "no basis in fact" differently than rule 91a expressly directs—something apart from a factual plausibility inquiry. We did so in *In re RNDC Tex., LLC*, when we, in dicta, said a "no basis in fact" challenge is overcome "[i]f a petition provides sufficient facts to give fair notice of the claim." 2018 WL 2773262, at *1.

adequate notice of the facts upon which the pleader bases his claim. Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated. Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant.

*Id*. at 639–40 (cleaned up).[3]

Ordinarily, when there is a lack of fair notice or other insufficiency in a pleading, a complaining party is required to invoke special exception practice under rules 90 and 91. *See* TEX. R. CIV. P. 90 (curable pleading defects must be pointed out by timely exception, otherwise the defect is waived); TEX. R. CIV. P. 91 ("A special exception shall not only point out the particular pleading excepted to, but it shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to.").

When applying the fair-notice pleading standard to our review in a rule 91a context, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC Tex., LLC*, 2018 WL 2773262, at *1. "[I]f nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.*

---

[3] *See* Jack Metzler, *Cleaning Up Quotations*, 18 J. APP. PRAC. & PROCESS 143 (2017), available at https://lawrepository.ualr.edu/appellatepracticeprocess/vol18/iss2/3 (explaining parenthetical).

Typically, there are two circumstances in which a court may determine that a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested. *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see also In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding) (review of Texas Supreme Court cases reveals the defendant must establish the plaintiff's claims are "foreclose[d] as a matter of law" because either "(1) the causes of action in the petition are not recognized by Texas law or (2) the causes of action are recognized, but the plaintiff has alleged facts that defeat those claims under settled law (i.e., the plaintiff has pleaded itself out of court)").[4] As the court noted in *In re Shire*:

> In short, in every case in which the Supreme Court has found that dismissal was required by Rule 91a, the plaintiff's recovery on his or her claims was foreclosed as a matter of law, whereas, in the case in which it found that dismissal was not required, the plaintiff's recovery was not foreclosed as a matter of law. Thus, it is clear that the Texas Supreme Court has interpreted Rule 91a's "no basis in law" standard to mean that the plaintiff's recovery on its claims must be foreclosed as a matter of law in order to merit dismissal under that rule.

---

[4] In the first circumstance that may justify dismissal under rule 91a, the requirement on the movant is more than demonstrating that the plaintiff's factual allegations lack sufficient specificity. If there are not enough details about the cause of action alleged, then a rule 91 special exception would be in order. In contrast, under rule 91a, it is required that the movant show that it has not been given notice of a legally cognizable claim for relief. *In re Shire*, 633 S.W.3d at 25 n.19. This construction harmonizes our fair-notice pleading rule and special exception practice with the requirements of rule 91a.

633 S.W.3d at 18–19.[5] We agree with the well-reasoned conclusions of our sister court in *In re Shire*, which amplify and are consistent with our own expressions in *Lopez v. Sunstate Equip. Co. LLC*, No. 05-21-00100-CV, 2022 WL 3714496, at *6 (Tex. App.—Dallas Aug. 29, 2022, pet. filed) (mem. op.); *Renate Nixdorf GmbH & Co. KG*, 2019 WL 92038, at *9; *Royale*, 2019 WL 4126600, at *4; and *In re RNDC Tex., LLC*, 2018 WL 2773262, at *1.

In ruling on the rule 91a motion, except as required by rule 91a.7—which does not apply here—a court may not consider evidence and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59.[6] TEX. R. CIV. P. 91a.6; *see Bethel*, 595 S.W.3d 651 at 656

[5] The cases to which *In re Shire* refers in this quote are *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.2d 261 (Tex. 2021) (orig. proceeding); *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651 (Tex. 2020); *In re Hous. Specialty Ins. Co.*, 569 S.W.3d 138 (Tex. 2019) (per curiam) (orig. proceeding); and *In re Essex Ins. Co.*, 450 S.W.3d 524 (Tex. 2014) (orig. proceeding). In *Bethel*, the claim was foreclosed because the plaintiff's pleading established the defendant's affirmative defense. 595 S.W.3d at 658 (discussing plaintiff's allegations regarding examining and testing relevant evidence and concluding that the actions were protected by attorney immunity because they involved the provision of legal services). In the other three, the claims were not legally cognizable under Texas law. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.2d at 268; *In re Hous. Specialty Ins. Co.*, 569 S.W.3d at 141; *In re Essex Ins. Co.*, 450 S.W.3d at 527–28. To these we would add *Medina*, 627 S.W.3d at 631, which concluded the non-movant's claims were not foreclosed where the exceptions relied on by the rule 91a movant were not established by the non-movant's pleadings, and *AC Interests, L.P. v. Texas Comm'n on Env't Quality*, 543 S.W.3d 703, 706 (Tex. 2018), which agreed that a rule 91a motion was not the proper motion to file when the defendant sought dismissal based on an alleged failure to satisfy a statutory deadline to serve process, a matter not evident from the plaintiff's pleadings.

[6] Rule 59 permits as "pleading exhibits" only "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense." TEX. R. CIV. P. 59. This is a narrow category of documents. *Bethel*, 595 S.W.3d at 654. We have prev.iously declined to consider an extraneous exhibit utilized "as evidence" by both sides in their arguments relating to a rule 91a dismissal. *Lopez*, 2022 WL 3714496, at *6 ("In their arguments on appeal, both Lopez and Sunstate refer to the 'terms and conditions' form Lopez attached to her response to Sunstate's motion. We do not consider the form, however, because it was not attached to Lopez's pleading and is not the type of exhibit rule 59 permits."). Pleading exhibits are not evidence. They are exhibits in aid of, and to factually amplify *allegations* in, pleadings and, if used, must be incorporated by reference

–9–

(noting rule 91a.6 expressly limits court's consideration to the pleading of the cause of action with a "narrow class of exhibits" and stating "[r]ule 91a limits the scope of a court's factual, but not legal, inquiry").  While a movant, like HOAIC, may raise an affirmative defense as the basis for its argument that the non-movant's claims have no basis in law and, therefore, should be dismissed under rule 91a, the factual inquiry that follows is restricted to reviewing the non-movant's pleading and any rule 59 exhibits that may be attached to and incorporated therein.  In deciding whether the non-movant's claims enjoy no basis in law, the court may not resort to evidence proffered by the movant, such as through affidavits, transcribed testimony, or documents.

---

into the pleadings in some manner.  In other words, they are viewed as constituting a part of the pleading to which they are attached.  In the rule 91a context, only the non-movant's pleading may be looked to when determining whether the cause of action pleaded has a basis in law.  *See Bethel*, 595 S.W.3d at 656.  Thus, rule 59 exhibits attached to the non-movant's pleading may be considered in the quest to determine whether the cause of action has a legal basis.  In contrast, a court may consider a movant's pleading only to determine whether an affirmative defense has been properly raised in the pleading of the movant.  *Id.* ("[A] court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court.").  Rule 59 hardly grants carte blanche to litigants to attach unauthenticated, hearsay, unduly prejudicial, or other traditionally objectionable documents to pleadings and have them considered as "evidence" in the traditional sense.  Rule 59 pleading exhibits merely imbue or augment the allegations of the pleading to which they are attached.  They gain no talismanic quality by being attached to a pleading and, perforce, they are dispositive of nothing without more.  Simply, unless later offered and admitted into evidence, pleading exhibits are not evidence.  *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 905 (Tex. App.—Dallas 2004, no pet.) (citing *Wilson v. Williamson,* 586 S.W.2d 148, 150 (Tex. App.—Houston [1st Dist.] 1979, no writ)); *see also Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 724–25 (Tex. App.—San Antonio 2004, no pet.) (citing cases).  Here, the only arguable rule 59 exhibit is the policy of homeowners insurance and, then, only as it relates to the Davises' breach of policy claim.  It was attached in support of a motion, not a pleading.  Notably, even if deemed properly considered by us in aid of the allegations in the Davises' pleading, the policy tells us nothing about when the Davises' causes of action accrued, so as to make apparent from the Davises' pleading when limitations barred their claims.

In sum, *Rule 91a limits a court's factual inquiry to the plaintiff's pleadings* but does not so limit the court's legal inquiry. In deciding a Rule 91a motion, *a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court.* We therefore conclude that Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. Of course, *some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss.*

*Bethel*, 595 S.W.3d at 656 (emphasis supplied).[7]

### B. Analysis

The Davises argue the trial court erred in granting HOAIC's rule 91a motion because HOAIC failed to demonstrate their causes of action have no basis in fact and, additionally, HOAIC failed to establish their pleadings have no basis in law in that their pleadings do not foreclose their causes of action against HOAIC.

In response, HOAIC argues the claims have no basis in fact and law because those claims accrued on November 20, 2017, a date more than two years preceding the filing of the lawsuit. To support its position, HOAIC points to various communications (including claim-denial correspondence) it sent to and received from the Davises after the dispute arose. These documents were attached to

---

[7] To be sure, the requirement the court consider "no evidence" in the rule 91a dismissal determination is not merely a product of the rule itself or case law. Its genesis is in a legislative directive to the supreme court "to adopt rules for the dismissal of causes of action that have no basis in law or fact, to be achieved 'on motion and without evidence'." *Reaves*, 518 S.W.3d at 599 (citing TEX. GOV'T CODE § 22.004(g)).

HOAIC's motion, along with a copy of the homeowners insurance policy applicable, and various other items. We do not consider these, however, because they were not attached to the Davises' pleading[8] and, in any event, they are clearly evidentiary and not the type of exhibits rule 59 permits. *See* TEX. R. CIV. P. 91a.6 (court may not consider evidence and must decide rule 91a motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59). As *Bethel* and rule 91a.6 direct, we may not resort to matters outside the Davises' pleading in making the rule 91a determination. *Bethel*, 595 S.W.3d at 656 (rule 91a.6 limits scope of court's factual inquiry in determining whether the cause of action has a basis in law).

At the outset, we reject HOAIC's argument that the Davises' causes of action have no basis in fact. A review of the original petition discloses no basis to conclude that no reasonable person could believe the facts pleaded, and HOAIC has suggested none, although rule 91a.2 required it to do so. TEX. R. CIV. P. 91a.2 (requiring

---

[8] Exhibits offered by a rule 91a movant should not be considered. *Sw. Airlines Pilots Ass'n v. Boeing Co.*, No. 05-21-00598-CV, 2022 WL 16735379, at *5 (Tex. App.—Dallas Nov. 7, 2022, pet. filed) (mem. op.); *see also Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 134 (Tex. App.—Amarillo 2019, no pet.) (party "seeking to inject its defensive theory into the Rule 91a procedure by means of an exhibit to its answer and motion, finds no support in the text of the rule itself or in the cases").

Rule 91a and the statute from which it was derived make this clear. *See* TEX. R. CIV. P. 91a.6; TEX. GOV'T CODE 22.004(g) (stating, in part, "The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion *and without evidence*.") (emphasis added).

The trial court's order concluding the rule 91a motion was meritorious "[a]fter consideration of the [m]otion, any responses/replies thereto, *evidence*, and arguments of counsel" ignored this plain directive. The dissent would have us ignore it as well, as it spends seventeen pages purporting to analyze the merits of the Davises' claims based on evidence that rule 91a and government code section 22.004(g) both say is not to be considered. *See* TEX. R. CIV. P. 91a.6; TEX. GOV'T CODE 22.004(g).

–12–

movant to "state specifically the reasons the cause of action has no . . . basis in fact"); *see also Royale*, 2019 WL 4126600, at \*7; *Drake*, 2015 WL 2160565, at \*3. Thus, it was error for the trial court to grant the motion on this basis.

We next turn to the question of whether the trial court erred in dismissing the Davises' causes of action because each cause lacks a basis in law. First, there is nothing before us to suggest that the causes of action pleaded have no basis in law because they are not cognizable under Texas law. It goes without citation that such causes of action are well-established in our jurisprudence, and HOAIC does not contest this. As a result, the Davises' claims are not subject to dismissal for lacking legal existence in our state. *See In re Shire*, 633 S.W.3d at 18. Second, viewing the Davises' pleading against HOAIC's unpleaded-but-moved-upon affirmative defense of limitations, we conclude that because nothing within the Davises' pleading itself triggers a clear legal bar to their claims, the claims cannot be said to lack a basis in law, and the trial court erred in granting the rule 91a motion on this basis. *See Lopez*, 2022 WL 3714496, at \*5; *Renate Nixdorf GmbH & Co. KG*, 2019 WL 92038, at \*9; *Royale*, 2019 WL 4126600, at \*4; *In re RNDC Tex., LLC*, 2018 WL 2773262, at \*1. Here, there is no way to determine from the Davises' pleading when their causes of action accrued and when limitations expired. Our decision in *Renate Nixdorf GmbH & Co. KG* is on point. There, we reversed an order granting a rule 91a motion based on limitations because we could not determine from the face of the plaintiff's pleading when limitations foreclosed the claims. *Renate Nixdorf GmbH & Co. KG*,

–13–

2019 WL 92038, at *9 (citing *AC Interests, L.P.*, 543 S.W.3d at 706 (rule 91a motion is not proper motion for issue of timely service of citation because it cannot be resolved by looking only at the allegations in the pleadings)).[9] We find *Renate Nixdorf GmbH & Co. KG* dispositive here.

HOAIC may have a remedy short of actual trial, but rule 91a is not it. If HOAIC believes the facts proffered in its letters and other documents to be preclusive of the relief the Davises seek, it has a procedural avenue available to accomplish that result. *See* TEX. R. CIV. P. 166a(c). As we have said before, rule 91a is not a substitute for summary judgment practice under rule 166a, which comes with protective features against hasty, ill-considered, and premature summary dispositions on the merits. *See Royale*, 2019 WL 4126600, at *4.

Finally, although not a basis for our resolution, we must note that HOAIC's answer did not raise the affirmative defense of limitations. The defense was presented only in the motion to dismiss. The determination of whether this is sufficient under rule 91a must await another case.[10] Further, we note the Davises pleaded a claim for fraud, which generally has a four-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). Yet, by art of legal argument, HOAIC

---

[9] *See also Medina*, 627 S.W.3d at 631 (concluding the exceptions relied on by the rule 91a movant were not established by the non-movant's pleadings and, as a result, denial of motions to dismiss under rule 91a was proper); *Reaves*, 518 S.W.3d at 609 ("In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief.") (quoting *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)).

[10] For purposes of this appeal, we assume but do not decide that the limitations defense was properly before the trial court.

claims the limitations period here for fraud is but two years. This argument itself points out how matters of this nature, largely fact-based, are poorly suited for resolution on rule 91a proceedings, which may only look to the pleadings. In any event, it is clear that it is improper for a movant like HOAIC to inject its defensive legal theories into the determination here, and its action "finds no support in the text of the rule itself or in the cases." *Raider Ranch, LP*, 579 S.W.3d at 134.

Our decision, of course, reaches only the issue before us, and should not be construed as a comment on how HOAIC's limitation defense is to be decided after remand, whether as a matter of law under summary judgment proceedings or upon submission to a fact-finder at trial. After remand, the side that prevails here today may be the same as, or different from, the side that ultimately prevails.

### III. Conclusion

We sustain the Davises' first issue, need not address their second issue, reverse the trial court's order, and remand the case for further proceedings consistent with this opinion.

210092f.p05
Pedersen, III, J., dissenting.

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SIDNEY AND SHATIKA DAVIS,
Appellants

No. 05-21-00092-CV          V.

HOMEOWNERS OF AMERICA
INSURANCE COMPANY, Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-10727.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants SIDNEY AND SHATIKA DAVIS recover their costs of this appeal from appellee HOMEOWNERS OF AMERICA INSURANCE COMPANY.

Judgment entered this 31st day of May, 2023.