

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00084-CV

**IN RE JENNIFER MACGEORGE, RELATOR**

Original Proceeding Arising from the 261st District Court
Travis County, Texas
Trial Court No. D-1-GN-22-001047, Honorable Madeleine Connor, Presiding

June 22, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In this original proceeding we determine if the trial court abused its discretion in denying a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. Because we conclude the trial court did not abuse its discretion in denying the motion, we deny the petition for writ of mandamus.[1]

---

[1] Originally filed in the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

## BACKGROUND

The following facts are alleged by Real Party in Interest, Pedram Lalezari, in his lawsuit against Petitioner, Jennifer MacGeorge.[2]

MacGeorge is an attorney who represented Lalezari in a real estate transaction involving the sale of certain properties located in Travis County, Texas. Under a handwritten agreement, Lalezari agreed to jointly purchase the properties with Ali Choudri and Mansoor Chaudhry, the plaintiff and a co-defendant, respectively.[3] The three men agreed they would purchase the properties in the name of an existing LLC owned by Mansoor and all three would become owners of the LLC. The properties were purchased in the name of Topoduro, LLC, a company wholly owned by Mansoor. After the purchase, Lalezari formally became a member and one-third owner of Topoduro while Mansoor owned the remaining two-thirds; Ali did not acquire any interest in Topoduro.

Ali subsequently discovered the name of the LLC in the handwritten agreement differed by one letter from Topoduro, LLC.[4] Ali then consulted an attorney, who formed a new entity that mimics the name of the entity identified in the handwritten agreement: Topo Doro, LLC. Only Ali is a member of Topo Doro, LLC.

---

[2] At this early stage of the litigation, although the facts are still in dispute, under Rule 91a, we take Lalezari's facts as true. *See Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 134 (Tex. App.—Amarillo 2019, no pet.).

[3] Lalezari incorporates the facts stated in the plaintiff's petition by reference in the first paragraph of his live third-party petition: "Lalezari hired and retained MacGeorge to be legal counsel on *a real [estate] transaction made the basis of Plaintiff Ali Choudhri's original petition*." (Emphasis added). Accordingly, we have incorporated facts from both sets of pleadings.

[4] The handwritten agreement refers to a "Topod**o**ro, LLC" whereas the registered name is "Topod**u**ro, LLC."

2

Sometime later, Ali found a buyer who agreed to pay in excess of $3 million for the properties.[5] Lalezari retained the services of MacGeorge by paying her $5,000 to personally advise him during the closing of the transaction. During the course of the transaction, a resolution was drafted for Topoduro purportedly authorizing Ali to "do any and all things necessary" to sell the properties and for Ali to "receive the proceeds of the sale on behalf of" Topoduro. The preamble to the resolution describes Ali as "being all of the Members of Topoduro, LLC" and only Ali's signature appears on the resolution as "Manager." According to Lalezari, however, Ali was neither member nor manager of Topoduro.[6]

At the closing, Ali directed that the funds from the transaction be deposited into the account of Topo Doro, LLC. Ali then emailed Mansoor and Lalezari for wiring instructions the day after the closing to send them their share of the transaction proceeds in accordance with the handwritten agreement. However, Mansoor emailed the buyer, title company, and Ali claiming that Ali had committed fraud and was not authorized to engage in the transaction, Topoduro was the owner of the properties, and Ali was not associated with Topoduro. The title company unwound the transaction and refunded the money to the buyer.

Following the collapse of the real estate transaction, Ali sued Mansoor and Lalezari for breach of contract, fraud, statutory fraud, negligent misrepresentation, and a request for declaratory judgment. Lalezari answered Ali's lawsuit and then filed a third-party petition against MacGeorge alleging legal malpractice and breach of fiduciary duty claims.

---

[5] Ali claims he found the buyer; Lalezari does not dispute or controvert this fact in his pleadings.

[6] Lalezari claims the title company provided a copy of the document to him, but he does not provide any details regarding the circumstances or context under which the document was furnished.

3

MacGeorge, in response, filed a motion to dismiss Lalezari's claims under Rule 91a of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a. After holding a hearing on the motion, the trial court denied MacGeorge's Rule 91a motion from which she then filed this petition for mandamus.

**STANDARD OF REVIEW**

Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion by the trial court and no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (citations omitted). A trial court abuses its discretion when it improperly denies a Rule 91a motion to dismiss. *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014)).

Texas Rule of Civil Procedure 91a provides that a party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*. In ruling on a Rule 91a motion, a court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6. Rule 91a limits the factual inquiry to the pleadings and the documents attached to the pleadings, but not the legal inquiry of the court. *Bethel v. Quilling*, 595 S.W.3d 651, 655 (Tex. 2020). [7]

---

[7] Because Lalezari invoked the facts presented in Ali's petition by reference, both the plaintiff's original petition and Lalezari's live amended third-party petition form the factual basis of our analysis under Rule 91a. TEX. R. CIV. P. 91a..6.

We review the merits of a Rule 91a motion de novo. *Id*. at 654 (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)). In deciding whether the trial court properly granted a motion to dismiss under Rule 91a, a reviewing court applies the fair-notice pleading standard in determining whether the allegations in the petition were sufficient to allege a cause of action. *Lecody v. Anderson*, No. 07-20-00020-CV, 2021 Tex. App. LEXIS 2427, at *8 (Tex. App.—Amarillo Mar. 30, 2021, no pet.) (mem. op.) (citing *Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639-40 (Tex. App.—Dallas 2018, pet. denied)). In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

## ANALYSIS

Lalezari asserts breach of fiduciary duty and legal malpractice claims against MacGeorge based upon her alleged actions during their attorney-client relationship. Both claims require a showing of the existence of a duty, breach of that duty, causation, and damages. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017);[8] *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research*

---

[8] "Generally, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *Parker*, 514 S.W.3d at 220 (citations omitted).

5

*Corp.*, 299 S.W.3d 106, 112 (Tex. 2009).[9] The actions alleged to have been taken by MacGeorge include the following:

1. divulging non-public information to Ali regarding the members of Topoduro, LLC;

2. assisting Ali in drafting the Topoduro resolution that gave him the authority to conduct the transaction in question;

3. failing to communicate with the title company regarding the discrepancy between Topo Doro and Topoduro as the recipient of the funds at the closing;

4. failing to request an "accounting" from Ali to show he purchased an interest in Topoduro;

5. advising Lalezari to convince a former manager of Topoduro to backdate a corporate resolution – which Lalezari refused to do;

6. divulging unspecified client-attorney communications to Ali; and

7. simultaneously representing Ali and Lalezari without disclosure or permission;

Lalezari claims MacGeorge's alleged acts proximately damaged him by:

1. not "receiv[ing] any competent legal advice that he paid for"; and

2. "los[ing] his profit on the sale" of the properties.

MacGeorge is also alleged to have benefitted from her breach of fiduciary duty by gaining additional business from Ali in the form of representing Ali in other transactions and litigation unrelated to this case.

Under the facts alleged, Lalezari's pleadings meet the fair-notice standard and give MacGeorge adequate notice of his claims. Taking Lalezari's allegations as true and in the

---

[9] To prevail on a legal malpractice claim, the plaintiff must prove the defendant owed the plaintiff a duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff suffered damages. *Akin, Gump*, 299 S.W.3d at 112 (citing *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995)).

light most favorable to his pleadings, MacGeorge breached her duty to Lalezari as his attorney by furthering the interests of another party over the interests of her client. Even after refusing to follow her advice, Lalezari alleges that MacGeorge assisted Ali in creating documents that were not true on their face and created the false impression that Ali was authorized to sell the properties belonging to Topoduro, LLC. This document, presumably, allowed Ali to divert proceeds from the transaction that belonged to Topoduro to a bank account that only Ali could access. If these allegations are true, then MacGeorge may be liable to Lalezari for both breach of fiduciary duty and legal malpractice. *Supra*.[10]

In addition, a reasonable person could believe the facts pleaded by Lalezari. MacGeorge does not deny she was not Lalezari's attorney, that there was an attorney-client relationship, or that she owed him at least the duties that accompany an attorney's representation of a client. Under these circumstances, it is not inconceivable that MacGeorge may have acted in a manner that did not fulfill her duties as Lalezari's attorney, or, worse, furthered the interests of another party above that of her client. It is not outlandish that MacGeorge may have represented both Ali and Lalezari at the same time, that she forwarded the interests of Ali in the transaction by drafting documents he requested, and that those documents were against the putative interests of Lalezari.[11]

---

[10] MacGeorge also argues that Lalezari does not have any damages for his claims. However, under fair-notice pleading, Lalezari is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding) (quoting *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988)). Even the omission of an element is not fatal if the cause of action "may be reasonably inferred from what is specifically stated." *Id*. (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993)). We decline to opine on the existence of evidence to support damages at this preliminary stage of the litigation.

[11] We are mindful of the tenuous nature of Lalezari's allegations, and indeed his claims may be subject to dismissal by a dispositive motion on the merits. However, at this preliminary stage, we are not permitted to opine on the weight or existence of evidence to support his claims. *Supra*.

Lalezari's pleadings have some basis in law and in fact. Accordingly, the trial court did not abuse its discretion in denying MacGeorge's motion to dismiss under Rule 91a.

## CONCLUSION

The trial court did not abuse its discretion in denying MacGeorge's Rule 91a motion to dismiss. Accordingly, we deny MacGeorge's petition for writ of mandamus.


Alex L. Yarbrough
Justice


8