

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00376-CV

---

**IN RE SALVATORE MAZZAMUTO, RELATOR**

---

**ORIGINAL PROCEEDING**

---

January 12, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

In this original proceeding, relator Salvatore Mazzamuto (Sal), petitions this Court to issue a writ of mandamus against the Honorable Les Hatch, Judge of the 237th District Court in Lubbock County. By his petition, Sal contends that Judge Hatch clearly abused his discretion by denying Sal's motion to dismiss the claims of real-party-in-interest, GabeVitela Enterprise, LLC (Vitela), under Texas Rule of Civil Procedure 91a. We deny the petition.

**BACKGROUND**

Due to the nature of the Rule 91a motion process, we will relate the facts as alleged by Vitela. In August of 2020, Sal and Vitela entered into an Intellectual Property Rights

Purchase and Transfer Agreement in which Sal sold Vitela the rights to the trade name "One Guy from Italy." Part of this Agreement provides that, "[Sal] cannot open a food business in Lubbock County, Texas, without the written consent of [Vitela]." In May of 2022, Totomazza Inc., a company owned by Sal, purchased real property in Lubbock County. The property had been previously used to operate a restaurant and still included fixtures needed to run a restaurant. In October of 2022, Girolamo Mazzamuto (Jerry), Sal's brother, rented the restaurant property from Totomazza and opened a pizzeria known as "Papa V Pizza" at the property.

In May of 2023, Vitela filed a petition alleging claims for breach of contract and declaratory judgment as well as requesting temporary and permanent injunctive relief. In response, Sal filed a motion to dismiss Vitela's claims under Rule 91a. Vitela filed a response to Sal's motion to dismiss and amended its petition to add claims for fraud and conspiracy to commit fraud. Judge Hatch entered an order denying Sal's motion. In response to this order, Sal filed the instant mandamus petition.

By his petition, Sal presents one issue: whether Judge Hatch abused his discretion by denying his Rule 91a motion to dismiss.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court clearly abused its discretion, and (2) no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). The relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

2

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* at 839. Trial courts have no discretion in determining what the law is or applying the law to the facts. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875–76 (Tex. 2021) (orig. proceeding). The trial court's decision will only be disturbed if it amounts to a clear and prejudicial error of law, or if it fails to correctly analyze or apply the law to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302–03.

Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984)). Because mandamus is intended to be an extraordinary remedy, it is available only in limited circumstances. *Id.* The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Id.* (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)).

## ANALYSIS

By his sole issue, Sal contends that Judge Hatch clearly abused his discretion by denying his motion to dismiss Vitela's claims under Texas Rule of Civil Procedure 91a.

"Rule 91a provides a procedure for dismissal of a case that has no basis in law or fact." *Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 134 (Tex. App.—Amarillo 2019, no pet.); *see* TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. TEX. R. CIV. P. 91a.1; *Raider Ranch*, 579 S.W.3d at 134. A

3

cause of action has no basis in fact if no reasonable person could believe the facts pleaded. TEX. R. CIV. P. 91a.1; *Raider Ranch*, 579 S.W.3d at 134. Because Rule 91a is a harsh remedy with fee-shifting consequences, we are to strictly construe its requirements. *Bedford Internet Office Space, LLC v. Tex. Ins. Grp., Inc.*, 537 S.W.3d 717, 720 (Tex. App.—Fort Worth 2017, pet. dism'd).

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). "We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Id.* "Except as required by Rule 91a.7 (award of costs and attorney's fees), the court 'may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action . . . .'" *Lecody v. Anderson*, No. 07-20-00020-CV, 2021 Tex. App. LEXIS 2427, at *7 (Tex. App.—Amarillo Mar. 30, 2021, no pet.) (mem. op.) (quoting TEX. R. CIV. P. 91a.6).

Texas is a fair notice pleading jurisdiction and we apply this doctrine to Rule 91a motions to dismiss. *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 746 (Tex. App.—Corpus Christi-Edinburg 2018, original proceeding) (mem. op. on reh'g). When applying the fair notice standard to our review of the pleadings on a Rule 91a motion to dismiss, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id.* at 746–47. If a petition provides sufficient facts to give fair notice of the claim, then a Rule 91a motion should be denied. *Id.* at 746.

4

Similarly, if nothing in the pleading itself triggers a bar to the claim, then there is a basis in law and the motion should be denied. *Id.*

We conclude that the factual allegations pleaded by Vitela were sufficient to give Sal notice of the claims asserted. Vitela pleaded that the parties entered into a valid Intellectual Property Rights Purchase and Transfer Agreement, which included a provision that prohibited Sal from opening a food business in Lubbock County, Texas. Vitela also pleaded that Sal sought out property that was equipped to be utilized as a restaurant, spent money to purchase additional restaurant equipment and remodel the restaurant, and the restaurant that was subsequently opened by Sal's brother sold products that were the same as those Sal had sold under the name "One Guy from Italy." These factual allegations are sufficient to give Sal notice of the breach of contract claim asserted by Vitela.[1]

Likewise, nothing in Vitela's pleading triggers a clear legal bar to its claims. Sal contends that Vitela's allegations are conclusory and, therefore, do not sufficiently allege a cause of action. However, we determined above that Vitela's factual allegations were sufficient to state a prima facie claim of breach of contract. Sal also alleges that the covenant not to compete provision is legally unenforceable because it is not limited to a certain period of time. *See* TEX. BUS. & COM. CODE ANN. § 15.50(a). However, the lack of a time limitation in a covenant not to compete provision does not render it unenforceable as a matter of law. *See Oliver v. Rogers*, 976 S.W.2d 792, 801 (Tex.

---

[1] Without limiting Vitela's potential breach of contract theories, these facts, if accepted as true, are sufficient to present a prima facie case that Sal was in a de facto partnership with his brother and that this partnership opened a restaurant, which clearly constitutes a food business, in Lubbock County.

5

App.—Houston [1st Dist.] 1998, pet. denied); *Greenstein v. Simpson*, 660 S.W.2d 155, 159 (Tex. App.—Waco 1983, writ ref'd n.r.e.); *see also* TEX. BUS. & COM. CODE ANN. § 15.51(c) (authorizing courts to reform non-compete agreements that contain unreasonable provisions).  Thus, Sal does not identify any legal bar to Vitela's breach of contract claim.[2]

## CONCLUSION

Having concluded that Vitela's causes of action have a basis in law and fact, we conclude that Sal has failed to establish that the Judge Hatch clearly abused his discretion.  Consequently, we deny Sal's petition for writ of mandamus.

Judy C. Parker
Justice

---

[2] In addition to its claim for breach of contract, Vitela requests declaratory relief regarding the scope of the non-compete provision.  Nothing in Sal's motion specifically addresses how Vitela's pleading fails to present a prima facie case for declaratory relief.  Further, after Sal filed his motion to dismiss, Vitela amended its pleading to add claims for fraud and conspiracy to commit fraud.  Sal did not amend his motion to address these new claims.  Because these claims are based on the same factual grounds asserted to support Vitela's breach of contract claim, we conclude that Judge Hatch did not clearly abuse his discretion by denying Sal's motion to dismiss these claims.